### STATE v. MRS. C. B. LOCKEY.

(Filed 30 November, 1938.)

**Intoxicating Liquor § 4d—**

In a prosecution for possession of intoxicating liquor in violation of the Alcoholic Beverage Control Act, 1937 Supplement to Michie's Code, 3411 (79), the fact of possession does not constitute *prima facie* evidence that the possession was for the purpose of sale, since the statute under which the warrant is drawn does not provide for such *prima facie* rule.

APPEAL by defendant from *Armstrong, J.,* and a jury, at March Criminal Term, 1938, of MECKLENBURG. Reversed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*A. A. Tarlton for defendant.*

PER CURIAM. The defendant was tried and convicted on a warrant charging the possession of intoxicating liquor for the purpose of sale "in violation of the Alcoholic Beverage Control Act, 1937, Public Laws of N. C." Motions in the court below for judgment of nonsuit were denied. N. C. Code, 1935 (Michie), sec. 4643. An appeal was taken from the judgment upon a verdict of guilty by the jury. We think under the charge in the warrant the evidence was insufficient to be submitted to the jury and the motions for nonsuit should have been sustained.

The defendant was charged with a violation of section 3411 (79), 1937 Supp. to N. C. Code of 1935 (Michie). Although the Turlington Act has not been repealed in its entirety (*S. v. Epps,* 213 N. C., 709), and the rule that possession of intoxicating liquor is *prima facie* evidence of possession for purpose of sale is a statutory rule growing out of the Turlington Act (*S. v. Dowell,* 195 N. C., 523), this *prima facie* rule was not incorporated in the 1937 Alcoholic Beverage Control Act. Nor are the provisions of C. S., 3379, and the recent cases arising thereunder (*S. v. Langley,* 209 N. C., 178; *S. v. Ellis,* 210 N. C., 166; and *S. v. Tate,* 210 N. C., 168) dealing with the *prima facie* character of possession of intoxicating liquor pertinent to the instant case. This is not such a case as *S. v. Moschoures, ante,* 321; there unlawful possession for sale was charged generally, and accordingly the State was not held to strict proof under a particular section. In the instant case the offense charged was the violation of a specific statute and in such a case this Court is powerless to uphold an erroneous conviction under that statute by substituting another statute requiring proof less strong. *S. v. Wilkerson,* 164 N. C., 432 (444); *S. v. Stinnett,* 203 N. C., 829 (832); *S. v. Ferguson,* 191 N. C., 668 (670); *S. v. George,* 188 N. C., 611 (612).

The prohibition of the possession of liquor for the purpose of sale set forth in section 3411 (79), 1937 Supp. to N. C. Code of 1935 (Michie), does not set forth any *prima facie* rule arising from mere possession.

For the reasons given, the judgment of the court below is
Reversed.