STATE v. MARY BAILEY McNEILL.

(Filed 31 October, 1945.)

**Intoxicating Liquors §§ 4d, 6a—**

A person, charged with the possession of illicit, nontax-paid liquor for the purpose of sale, G. S., 18-50, cannot be convicted under G. S., 18-48. These two statutes define misdemeanors and are on an equal footing. Neither prescribes or includes a lesser offense or one of lesser degree.

APPEAL by defendant from *Burney, J.,* at May Term, 1945, of HARNETT. Reversed.

The defendant was charged with possession of nontax-paid intoxicating liquor for the purpose of sale. From judgment pronounced on verdict of guilty, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Neill McK. Salmon for defendant.*

DEVIN, J. The only question presented by this appeal is the sufficiency of State's evidence to carry the case to the jury. The State offered the testimony of two officers to the effect that on the occasion alleged they found in defendant's bedroom in her home three pints of untax-paid whiskey in a jar. However, one of these witnesses testified that the defendant, the mother of three children, was present, and that she said she had the whiskey there for a sick child. This testimony which came from the witness offered by the State, was the only evidence on this point, and was uncontradicted. The defendant offered no evidence.

There was no evidence that the liquor here in question was being kept for the purpose of being sold. The State's evidence, by incorporating and offering as worthy of belief the defendant's declaration, negatived possession for the purpose of sale. But it was contended that the *prima facie* effect given possession of intoxicating liquor by G. S., 18-11, was sufficient to carry the case to the jury. With this we cannot agree.

While section 33 of the Alcoholic Beverage Control Act of 1937, now G. S., 18-48, makes possession of any alcoholic beverage upon which the taxes imposed by the laws of the Congress of the United States or of this State have not been paid unlawful, no other or different offense is there defined. By G. S., 18-50, "possession for sale . . . of illicit liquors" is prohibited, constituting a specific offense. In *S. v. Lockey,* 214 N. C., 525, 199 S. E., 715, in construing this last section it was observed that the rule that possession of intoxicating liquor as *prima*

*facie* evidence of possession for the purpose of sale was not incorporated in the Alcoholic Beverage Control Act of 1937. The Court said: "In the instant case the offense charged was the violation of a specific statute and in such a case this Court is powerless to uphold an erroneous conviction under that statute by substituting another statute requiring proof less strong."

Here the charge contained in the warrant under which the defendant was held to answer was possession of illicit liquor for the purpose of sale. There was no other count or other charge in the warrant. Manifestly the defendant was charged with violation of G. S., 18-50. She could not be convicted under 18-48. These two statutes define misdemeanors and are on equal footing. Neither prescribes or includes a lesser offense or one of lesser degree. G. S., 18-48, may not be regarded as constituting a lesser or different offense embraced in G. S., 18-50.

As there was no evidence of possession of illicit liquor for the purpose of sale, and as the statutory presumption does not arise under the charge contained in the warrant, we think the defendant was entitled to have her motion for judgment of nonsuit allowed. It was incumbent upon the State to prove the charge as laid.

Attention is called to the recent cases of *S. v. Suddreth,* 223 N. C., 610, 27 S. E. (2d), 623, and *S. v. Graham,* 224 N. C., 347, where the present statutes relating to intoxicating liquors are discussed.

For the reasons stated the ruling of the court below in denying defendant's motion for judgment as of nonsuit must be

Reversed.