### STATE v. EDWIN PETERSON.

(Filed 10 April, 1946.)

**1. Intoxicating Liquor § 9b—**

In a prosecution under G. S., 18-50, no presumption of intent to sell arises from the unlawful possession of illicit liquor, and the State must prove not only unlawful possession of illicit liquor but also the intent to sell, unaided by any presumption or rule of evidence.

**2. Intoxicating Liquor § 9d—Evidence held insufficient to overrule nonsuit in prosecution for unlawful possession of illicit liquor for sale.**

Evidence tending to show that officers of the law were reluctantly admitted in defendant's house, that the officers heard whispering within the house before they were admitted, that in the kitchen there were defendant, his wife, and a man with whiskey on his breath, and in the front room a man and a woman, that they found in the kitchen a half-gallon jar, with a few drops of whiskey in it, and two glasses and a five-gallon bucket of slops, nearly full, smelling of liquor, and that there was fifty cents in

change on the stove, *is held* insufficient to overrule defendant's motion for judgment as of nonsuit in a prosecution under G. S., 18-50, for unlawful possession of illicit liquor for the purpose of sale.

**3. Intoxicating Liquor § 9g: Criminal Law § 60—**

A conviction on insufficient evidence on a warrant charging unlawful possession of illicit liquor for the purpose of sale, G. S., 18-50, cannot be sustained on the ground that the evidence might be sufficient to sustain a conviction of possession of a quantity of nontax-paid liquor, G. S., 18-48.

Appeal by defendant from *Burney, J.,* at October Term, 1945, of SAMPSON. Reversed.

Criminal prosecution under a warrant charging the unlawful possession of illicit liquor for the purpose of sale, heard in the Superior Court on appeal from the county recorder's court.

On the night of 21 January, 1945, three police officers went to the home of defendant. Two of them went to the kitchen window to listen. They heard two or three people inside talking. In a minute or two defendant's wife opened the door and saw them. They told her to open the door and let them in. She shut the door and locked it. The officers then heard a commotion in the room and "they were whispering and talking." In a minute or two Mrs. Peterson again opened the door and let the officers in. At that time defendant and his wife and a man were in the kitchen and a man and woman were in the front room. The kitchen had the odor of liquor in it.

The officers made a search. They found a one-half gallon jar, having just a few drops of whiskey in it, behind the stove, about fifty cents in change on the stove, two glasses on the table, and a five-gallon bucket of slops almost full. The jar, the glasses, and the slops had the odor of liquor. The breath of the man in the kitchen "smelled as if he had been drinking" but there was no indication that any of the others had taken a drink.

There was a verdict of guilty. From judgment on the verdict defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker* for the State.

*Butler & Butler* for defendant, appellant.

BARNHILL, J. The merit of defendant's assignment of error, based on his exception to the refusal of the court below to grant his motion to dismiss, G. S., 15-173, is the only question presented for consideration. We are of the opinion the motion was well advised and should have been sustained.

The provisions of our statutes concerning the possession and sale of intoxicating liquors as brought forward in chapter 18 of the General Statutes of 1943 are not codified and are so numerous they tend to confuse. Section 2, chapter 44, Public Laws 1913, G. S., 18-32 (2), makes possession of more than one gallon of spirituous liquors at any one time *prima facie* evidence of possession for the purpose of sale, and the Turlington Act, section 10, chapter 1, Public Laws 1923, G. S., 18-11, makes the unlawful possession of any quantity of intoxicants *prima facie* evidence of such intent. On the other hand, section 14 (G. S., 18-49) of the Beverage Control Act of 1937 (chapter 49, Public Laws 1937, G. S., Art. 3, chapter 18) permits, under certain conditions, the transportation of tax-paid alcoholic beverages not in excess of one gallon, which necessarily implies the right to possess such quantity in one's home as provided by G. S., 18-11, and section 15 thereof makes it unlawful to possess for the purpose of sale any quantity of liquor on which the required taxes have not been paid, but creates no presumption or rule of evidence.

However, the applicability of these sections has been clarified by decisions of this Court. *S. v. Suddreth,* 223 N. C., 610, 27 S. E. (2d), 623; *S. v. Watts,* 224 N. C., 771; *S. v. Davis,* 214 N. C., 787, 1 S. E. (2d), 104.

When, as here, the State proceeds under the last-cited section, G. S., 18-50, it is put to proof not only of unlawful possession of illicit liquor but also of the intent to sell, unaided by any presumption. If it desires the benefit of the statutory rule of evidence which makes possession *prima facie* evidence of an intent to sell, it must proceed under the statute which creates it. *S. v. McNeill,* 225 N. C., 560; *S. v. Lockey,* 214 N. C., 525, 199 S. E., 715.

The evidence offered, when considered in the light most favorable to the State, creates nothing more than a bare suspicion. Neither the quantity of liquor nor the number of containers found reasonably impels the conclusion that the possession was for commercial purposes. And there is not a scintilla of evidence that defendant sold, offered for sale, or intended to sell any quantity of liquor.

One man in defendant's home had the odor of liquor on his breath. Did he take a drink before going there or after his arrival? Did he carry it with him or was it furnished to him in the defendant's home? If in the defendant's home, by which one of the four persons present? Did he pay for it, and if so whom did he pay? On this evidence a jury may guess or surmise but it cannot answer with that degree of certainty required in criminal prosecutions.

While one of the officers standing on the outside heard someone "whispering" on the inside of the closed room, he did not hear with such

acuteness that he could give testimony of any incriminating remarks. The other circumstances are insufficient to support a conviction.

We may concede, without deciding, that there is some evidence there was a quantity of nontax-paid liquor in defendant's home. If this be a fact, and it belonged to defendant or was in his home with his knowledge and consent, he might be guilty of the violation of the provisions of G. S., 18-48. But this Court will not sustain a conviction under a warrant charging a specific criminal offense created by statute merely because the defendant, on the evidence disclosed in the record, may be guilty of a similar offense created by another section of the same statute. *S. v. McNeill, supra.*

The judgment below is

Reversed.