## STATE v. JERRY WILSON.

(Filed 11 December, 1946.)

**1. Intoxicating Liquor § 2—**

In a county which has not elected to come under the Alcoholic Beverage Control Act, the Turlington Act, as modified by the later statute, is in full force and effect. G. S., 18-61.

**2. Intoxicating Liquor § 4a—**

A person living in a county which has not elected to come under the Alcoholic Beverage Control Act may lawfully transport to and keep in his private dwelling, for his own use, not more than one gallon of tax-paid liquor, but subject to this exception, possession within such territory of any quantity of liquor is *prima facie* evidence that its possession is in violation of G. S., 18-2.

**3. Same—**

The provision of G. S., 18-11, making it lawful to possess liquor in a private dwelling for family purposes, is an exception to the general rule, and the burden of proof in respect thereto is on defendant.

**4. Intoxicating Liquor § 9d—**

Where, in a prosecution for unlawful possession of intoxicating liquor for the purpose of sale in a county which has not elected to come under the Alcoholic Beverage Control Act, G. S., 18-2, the State offers evidence that defendant had in his possession approximately 17½ gallons of liquor, and there is no evidence that defendant's possession was for the use of himself, his family and *bona fide* guests, defendant's motion to nonsuit is properly denied, since G. S., 18-11, applies. Prosecutions under G. S., 18-50, distinguished on the ground that that statute creates no presumption or rule of evidence from the fact of possession.

**5. Intoxicating Liquor § 9c—**

In a prosecution under G. S., 18-2, evidence tending to show that the liquor in defendant's possession was non-tax-paid is competent.

**6. Intoxicating Liquor § 9f—**

In a prosecution for unlawful possession of intoxicating liquor for the purpose of sale in a county which has not elected to come under the Alcoholic Beverage Control Act, the court may properly charge the law in the language of G. S., 18-11, and G. S., 18-13, since the law therein stated constitutes a material part of the law of the case.

**7. Criminal Law § 14—**

On appeal to the Superior Court from a municipal county court having exclusive original jurisdiction of the offense charged, the solicitor may amend the warrant or put defendant on trial under a bill of indictment charging the same offense. Whether, in addition thereto, the solicitor may incorporate in the bill of indictment related counts charging violations of the same section of the Act under which defendant was prosecuted in the municipal county court, *quære.*

APPEAL by defendant from *Nettles, J.,* at June Term, 1946, of GUILFORD. No error.

Criminal prosecution on warrant-bill of indictment charging unlawful possession of intoxicating liquor for the purpose of sale.

Officers acting under a search warrant found in the home of defendant approximately 17½ gallons of liquor in pint and ⅘ pint containers. Defendant was arrested and tried in the municipal-county court on a warrant issued by a magistrate. He was found guilty of unlawful possession of intoxicating liquors for the purpose of sale as charged in the warrant and he appealed to the Superior Court.

At the April Term, 1946, pending trial, the court withdrew a juror and ordered a mistrial. Thereupon, apparently at the same term, the grand jury returned a bill of indictment in the case containing three

counts: (1) transporting, (2) unlawful possession for the purpose of sale, and (3) unlawful possession of intoxicating liquors.

The cause was again called for trial at the June Term. In apt time the defendant moved to dismiss or vacate the bill of indictment for want of jurisdiction for that the municipal-county court has exclusive original jurisdiction of all misdemeanors committed in the area which embraces the defendant's home and the court has no authority to proceed under a bill of indictment on the counts contained therein. The motion was overruled and defendant excepted.

The court in its charge submitted to the jury only the count of unlawful possession for the purpose of sale. There was a verdict of guilty. The court pronounced judgment and the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Shelley B. Caveness for defendant, appellant.*

BARNHILL, J. Guilford County has not elected to come under the Alcoholic Beverage Control Act. Chap. 49, P. L. 1937, G. S., Chap 18, Art. 3. Hence the Turlington Act, Chap. 1, P. L. 1923, G. S., Chap. 18, Art. 1, as modified by the general provisions of the Alcoholic Beverage Control Act, is in full force and effect within that territory. G. S., 18-61; *S. v. Davis,* 214 N. C., 787, 1 S. E. (2d), 104.

A person living in territory in which ABC Stores are not operated may lawfully transport to and keep in his private dwelling, for his own use, not more than one gallon of tax-paid liquor, and such possession raises no presumption against him. *S. v. Suddreth,* 223 N. C., 610, 27 S. E. (2d), 623. Subject to this exception, possession within such territory of any quantity of liquor is *prima facie* evidence that it is possessed for the purpose of sale, barter, etc., in violation of G. S., 18-2. *S. v. Hege,* 194 N. C., 526, 140 S. E., 80; *S. v. McAllister,* 187 N. C., 400, 121 S. E., 739.

This rule applies even when the liquor is in a private dwelling. *S. v. Dowell,* 195 N. C., 523, 143 S. E., 133. The provision contained in G. S., 18-11, making it lawful to possess liquor in a private dwelling for family purposes, constitutes an exception to the general rule, and the burden of proof in respect thereto is on the defendant. *S. v. Dowell, supra; S. v. Epps,* 213 N. C., 709, 197 S. E., 580.

The charge against defendant is laid under Sec. 2 of the Turlington Act, G. S., 18-2. The officers found in his possession approximately 17½ gallons of liquor in pint and ⅘ pint containers, together with a number of empty cartons, stored in an inner room under lock and key. *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663. The defendant offered no testimony and there was no evidence offered by the State which tends to

show that defendant was in possession of the liquor for the use of himself, his family, and his *bona fide* guests. G. S., 18-11; *S. v. Foster,* 185 N. C., 674, 116 S. E., 561; *S. v. Hammond,* 188 N. C., 602, 125 S. E., 402; *S. v. Dowell, supra; S. v. Epps, supra.* Hence the court committed no error in overruling the motion to dismiss as in case of nonsuit. *S. v. Hammond, supra.*

It likewise follows that evidence tending to show the State tax had not been paid on the liquor seized was competent.

*S. v. Peterson,* 226 N. C., 255, *S. v. McNeill,* 225 N. C., 560, and *S. v. Lockey,* 214 N. C., 525, 199 S. E., 715, relied on by defendant, are not in point. In each of those cases the defendant was prosecuted under G. S., 18-50. This section of the general code is a part of the Alcoholic Beverage Control Act and makes it unlawful to possess illicit liquor for sale or to sell either illicit or tax-paid liquor, but it creates no presumption or rule of evidence. *S. v. Peterson, supra.* When the State proceeds under this section it must prove the offense charged unaided by any presumption. Here, as we have noted, the State proceeded under G. S., 18-2, which is a part of the Turlington Act. When the defendant is prosecuted under this section, G. S., 18-11, a part of the same Act, applies. Herein lies the distinction.

The charge of the court to which exceptions are entered was bottomed on and in the language of G. S., 18-11 and 18-13. The law as therein stated constitutes a material part of the law of the case. Therefore the assignments of error based on these exceptions cannot be sustained.

But the defendant insists that in any event the court below erred in overruling his motion to dismiss for want of jurisdiction in the Superior Court. We cannot so hold.

At the trial in the Superior Court, on an appeal from an inferior court having exclusive original jurisdiction, the solicitor may amend the warrant, *S. v. Patterson,* 222 N. C., 179, 22 S. E. (2d), 267, *S. v. Brown,* 225 N. C., 22, *S. v. Grimes,* 226 N. C., 523, or he may put the defendant on trial under a bill of indictment, charging the same offense, returned in the case. *S. v. Razook,* 179 N. C., 708, 103 S. E., 67; *S. v. Thornton,* 136 N. C., 610; *S. v. Crook,* 91 N. C., 536; *S. v. Quick,* 72 N. C., 241. The appeal vests jurisdiction in the court. Thereafter all questions of procedure and pleadings, including the form in which the charge is to be stated, come within the purview of the presiding judge.

Neither of the two additional counts contained in the bill of indictment was submitted to the jury. No evidence was offered in relation thereto which was not competent on the count submitted. Hence we need not now decide whether the court could incorporate in the warrant or bill of indictment related counts charging violations of the same section of the Act under which defendant is prosecuted. Sec. 2, Ch. 1, P. L. 1923.

We have carefully examined the other assignments of error and find in them no cause for disturbing the judgment.

In the trial below we find·

No error.