STATE v. C. D. BARNHARDT.

(Filed 13 April, 1949.)

**1. Criminal Law § 62f—**

Where defendant consents to the suspension of sentence on a particular count, he waives and abandons his right to appeal in regard thereto.

**2. Intoxicating Liquor § 2—**

Even though the Alcoholic Beverage Control Act, G.S. Chap. 18, Art. 3, is of Statewide operation, it does not repeal the Turlington Act, G.S. Chap. 18, Art. 1, but the Turlington Act remains in full force and effect except as modified by the later law, and as thus modified is the primary law in territory which has not elected to come under the A.B.C. Act.

**3. Intoxicating Liquor § 4a—**

The possession of nontax-paid liquor in any quantity anywhere in the State is unlawful. G.S. 18-48, G.S. 18-50.

**4. Intoxicating Liquor § 6—**

It is unlawful to purchase in this State any alcoholic beverage except from an A.B.C. Store; a person may purchase outside the State and transport herein for his own personal use not more than one gallon of alcoholic beverage at a time. G.S. 18-49, G.S. 18-58.

**5. Intoxicating Liquor § 4a—**

The provisions of the Turlington Act making the possession of any quantity of intoxicating beverage *prima facie* evidence that the possession is unlawful, with the burden on accused to show that such possession is legal within the exceptive provisions of G.S. 18-11, has been modified by the A.B.C. Act so that the possession in one's dwelling even in dry territory of not more than one gallon of liquor upon which the tax has been paid raises no presumption that the possession is unlawful. G.S. 18-49.

**6. Same—**

Upon proof of defendant's possession of more than one gallon of tax-paid liquor in his dwelling in territory which has not elected to come under the A.B.C. Act, the burden is upon defendant to rebut the *prima facie* evidence by showing that such possession not only comes within the exceptive provisions of G.S. 18-11, but also that it was legally acquired and transported to his dwelling and kept there for family uses only, G.S. 18-49, G.S. 18-58.

**7. Intoxicating Liquor § 4a—**

Testimony that defendant frequently slept in the house in which officers found more than one gallon of intoxicating liquor is insufficient to show that the house was defendant's private dwelling within the meaning of G.S. 18-11 and G.S. 18-58.

**8. Intoxicating Liquor §§ 4a, 9f—**

Evidence tending to show that more than one gallon of intoxicating liquor upon which the tax had not been paid was found in a house owned by defendant in dry territory justifies an instruction to the effect that it is unlawful to possess at any one time more than one gallon of intoxicating liquor even in the possessor's home when defendant offers no evidence tending to show that the liquor was acquired from an A.B.C. Store in this State or was purchased in another state and legally transported to his residence in quantities of not more than one gallon at any one time.

APPEAL by defendant from *Coggin, Special Judge,* September Term, 1948, ROWAN. No error.

Criminal prosecution on warrant charging that defendant did unlawfully (1) have in his possession intoxicating liquors, and (2) have in his possession certain intoxicating liquors for the purpose of sale.

On or about 20 March 1948 officers armed with a search warrant went to an old house belonging to defendant and located in Rowan County, about one mile from Enochville. It was locked. They requested a deputy sheriff of Cabarrus County, where defendant was, to get him and bring him to the scene. The defendant was brought to the house, and he then unlocked the door. The officers found a case of bonded liquor in pint containers under the bed. It bore no evidence that the State tax had been paid. Defendant said it was his liquor. They also found a trap door in the floor of the well house. Underneath this floor was an open

space six by eight feet in size and about four or five feet deep. In this space they found several empty whiskey cases.

There was a bed in the house, having the appearance of having been used, and also a set of bedsprings leaning against the wall. There was no other furniture or household equipment found except a coffee pot.

The defendant offered evidence tending to show the liquor belonged to him and one Clifford Connell; that they had it to drink; that Connell slept in the old house to look after rabbit dogs; that the house was not used for anything but sleeping; and that when they worked late, defendant "sleeps there too, he stays there quite a bit."

There was a verdict of guilty as charged in the warrant. Thereupon, the court pronounced judgment on the first count. It also, on the second count, pronounced judgment of imprisonment for a term of two years, suspended "with the consent of the defendant in open court" for five years on the conditions therein stated. To the pronouncement of judgment defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Bernard W. Cruse for defendant appellant.*

BARNHILL, J. The defendant does not bring forward and discuss his exceptions to the refusal of the court below to sustain his demurrers to the evidence. In this he was well advised, for the evidence was amply sufficient to require its submission to the jury.

All the exceptions relied on relate to alleged error in the charge. Those which bear directly on the second count are not before us for consideration for the reason the defendant, by consenting to the suspension of the sentence on that count, waived and abandoned his right to appeal on the principal issue of his guilt or innocence of the crime therein charged. *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143, and cases cited; *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706.

The court instructed the jury that the only way a person can possess legally in his home any intoxicating liquor is "to have transported it legally to his home, and to have it in his own dwelling used and occupied by him as such . . . and used therein only for the purpose of drinking himself and of entertaining his *bona fide* guests while in his home. That is the only way in this dry county that whiskey can be legally possessed under the Turlington Act." And again, "It is unlawful to possess at any one time more than one gallon of intoxicating liquor, even though it is possessed in one's home."

The general provisions of the Alcoholic Beverage Control Act of 1937, Chap. 49, P.L. 1937, G.S. Chap. 18, Art. 3, are State-wide in operation.

*S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104; *S. v. Lockey,* 214 N.C. 525, 199 S.E. 715; *S. v. Epps,* 213 N.C. 709, 197 S.E. 580.

Even so, the Turlington Act of 1923, now G.S. Chap. 18, Art. 1, was not thereby repealed. Its provisions, as modified by the general provisions of the Alcoholic Beverage Control Act, are still in full force and effect. *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449; *S. v. Carpenter,* 215 N.C. 635, 3 S.E. 2d 34. In territory wherein A.B.C. stores have not been established—conveniently referred to as nonconforming territory—the former is the primary law, and the inconsistent or modifying provisions of the latter constitute exceptions thereto.

Thus, to ascertain the exact status of the law regulating the possession, transportation, and sale or possession for the purpose of sale, of intoxicating beverages in nonconforming territory, the two acts must be read together. When so read, as heretofore construed and applied by this Court, definite modifications of the Turlington Act are made to appear.

Under the Turlington Act it is unlawful to manufacture, sell, barter, transport, import, export, deliver, furnish, purchase, or possess any intoxicating liquor except as therein authorized. G.S. 18-2. Likewise, under said Act, proof of the possession of any quantity of intoxicating beverage is *prima facie* evidence of the purpose of the possessor to sell, barter, or otherwise unlawfully dispose of the same, subject to the provision that possession of intoxicating liquor in one's private dwelling, while the same is used and occupied by him as his dwelling only, is not unlawful, provided such liquor is for the personal consumption of the owner thereof and his family residing in said dwelling and of his *bona fide* guests when entertained by him therein—which for the sake of brevity are referred to as family uses. G.S. 18-11. Under this section no distinction is made between tax-paid and nontax-paid liquor, and the quantity of liquor which may be possessed in one's private dwelling for personal consumption and family uses is unlimited.

Now the possession of nontax-paid liquor in any quantity anywhere in the State is, without exception, unlawful. G.S. 18-48, 50. *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629.

It is likewise unlawful to purchase in this State any alcoholic beverage from any source, except from a store operated in accordance with the Alcoholic Beverage Control Act of 1937, "except a person may purchase legally outside this State and bring into the same," in the manner provided by G.S. 18-49, "for his own personal use not more than one gallon of such alcoholic beverage." G.S. 18-58. For other exceptions not pertinent here see G.S. 18-49, G.S. 18-49.1, and G.S. 18-49.2.

On the other hand, a person living in nonconforming territory may lawfully transport, in sealed containers, to his own private dwelling for family uses, not in excess of one gallon of tax-paid liquor at any one

time, provided it is acquired from an A.B.C. store in this State or legally purchased in another State, G.S. 18-49, and he may there keep and possess the same for family uses. Such possession in a quantity not in excess of one gallon raises no presumption against him. *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Wilson, supra.*

If the State can establish nothing more than that the defendant had in his private dwelling not in excess of one gallon of liquor upon which the tax has been paid, the presumption of lawfulness prevails and a verdict of not guilty should be directed. That is to say, where it appears that not more than one gallon of tax-paid liquor was found in the private dwelling of the defendant, the State, to convict, must establish by independent evidence, unaided by any presumption, that the possession is unlawful.

In such case, in the absence of evidence of possession of nontax-paid liquor or more than one gallon of tax-paid intoxicating beverage, *prima facie* evidence of the violation of the statute is wanting. *S. v. Watts, supra.*

Subject to this exception, possession within nonconforming territory of any quantity of liquor, however acquired, unless in transit in a manner permitted by the statute, is *prima facie* evidence that it is possessed for the purpose of sale, barter, etc., in violation of G.S. 18-11. *S. v. Hege,* 194 N.C. 526, 140 S.E. 80; *S. v. McAllister,* 187 N.C. 400, 121 S.E. 739; *S. v. Wilson, supra.*

This rule applies even when the liquor is in a private dwelling, and the burden rests upon the defendant to bring himself within the exceptive provision of the statute. G.S. 18-11; *S. v. Dowell,* 195 N.C. 523, 143 S.E. 133; *S. v. Epps, supra; S. v. Davis, supra; S. v. Watts, supra; S. v. Wilson, supra; S. v. Holbrook,* 228 N.C. 582, 46 S.E. (2d) 842.

Even so, the Turlington Act, as heretofore noted, does not restrict the quantity of intoxicating beverages a person may possess in his private dwelling for family uses. Neither does the Alcoholic Beverage Control Act limit the frequency with which a gallon of tax-paid liquor acquired from an A.B.C. store in this State or legally purchased in another State may be transported by a person to his private dwelling for family uses. If he possesses in his private dwelling more than one gallon of tax-paid liquor, what then?

He is protected against the presumption of illegality or the rule of evidence created by G.S. 18-11 only so long as he does not possess more than one gallon. Proof of the possession of more than one gallon, even though it is found in the private dwelling of defendant and the tax thereon has been paid, is *prima facie* evidence that such liquor is unlawfully possessed and is being kept for the purpose of sale. G.S. 18-11.

If he would rebut this *prima facie* evidence, the burden is on him to establish not only that the possession thereof comes within the exceptive provisions of G.S. 18-11, but also that it was legally acquired and transported to his private dwelling and there kept, not for sale, but for family uses only. *S. v. Davis, supra; S. v. Suddrelh, supra; S. v. Wilson, supra; S. v. Watts, supra; S. v. Holbrook, supra.* The burden rests on him to bring his case within the exceptive provisions of G.S. 18-11 and also within the provisions of the Alcoholic Beverage Control Act authorizing the purchase and transportation of liquor under the limitations therein prescribed. *S. v. Holbrook, supra.*

Rowan County has not elected to come under the Alcoholic Beverage Control Act. Therefore, if there was any evidence tending to show that the defendant had in his possession in his private dwelling not more than one gallon of liquor upon which the tax had been paid, the quoted instruction would give us reason to pause and consider. But under the circumstances here disclosed it may not be held for prejudicial error. This, for two reasons.

First. There is no sufficient evidence to support a finding that defendant had the liquor in his private dwelling for family uses. The testimony tends to show merely that defendant frequently slept there. This falls short of proof that the house was his private dwelling—his home where he and the members of his family maintained their residence.

Second. Even if we concede, *arguendo,* that the liquor was in his private dwelling, there was more than one gallon, and there is no evidence tending to show that it was acquired from an A.B.C. store in this State, or legally purchased in another State, and lawfully transported to his residence in quantities of not more than one gallon at any one time. Indeed, defendant's own evidence tends to prove the contrary. It was acquired from an unknown truck driver-vendor on the premises of defendant. Having been unlawfully acquired, the possession was unlawful. This is the law as it is now written.

A careful consideration of the record leads us to the conclusion that in the trial below there was

No error.