STATE v. JOHN HENRY MERRITT.

(Filed 2 November, 1949.)

1. **Intoxicating Liquor § 9d: Automobiles § 29b—**

Evidence tending to show that defendant was driving his automobile on a highway, that when officers attempted to stop him he attempted to elude them, threw a carton containing three gallons of nontax-paid whiskey from the car, and drove in a reckless manner until struck from the rear by the officers' car and run off the road, *is held* sufficient to overrule nonsuit upon each of the charges of illegal possession of whiskey for the purpose of sale, unlawful transportation of same, and with reckless driving.

2. **Intoxicating Liquor § 9b—**

The warrant charged generally that defendant had in his possession "non-tax-paid whiskey for the purpose of sale." *Held:* Upon the facts of this case the word "non-tax-paid" was merely used to describe the whiskey and to designate it as unlawful rather than to restrict the offense charged to a violation of G.S. 18-50, and therefore the *prima facie* presumption from the possession of three gallons of such whiskey, that the possession was for the purpose of sale, obtains.  G.S. 18-11.

3. **Criminal Law § 81c (4)—**

Where equal sentences upon conviction of three separate charges are imposed to run concurrently, appellant must show error affecting all three counts in order to be entitled to a new trial or to arrest of judgment.

4. **Criminal Law § 53f—**

Where the State's testimony that officers had picked up three gallons of whiskey thrown from defendant's car, is not contradicted, and the whiskey is introduced in evidence, a statement in the charge that the State "offered in evidence the whiskey picked up by the officers" cannot be held for error as an expression of opinion by the court.

5. **Criminal Law § 81c (3)—**

The admission of evidence as to a fact admitted by defendant cannot be held prejudicial.

APPEAL by defendant from *Williams, J.,* at August Term, 1949, of SAMPSON.  No error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes, and John R. Jordan, Jr., Member of Staff, for the State.*
*J. Faison Thomson and Algernon L. Butler for defendant.*

DEVIN, J.  The defendant was charged (1) with the unlawful possession of whiskey for the purpose of sale; (2) with unlawfully transporting same in an automobile; and (3) with reckless driving of the automobile. There was verdict of guilty on each of these counts, and judgment was

rendered on each count, sentences to run concurrently. The defendant assigns error in the ruling of the trial court in several particulars.

There was no error in the denial of defendant's motion for judgment of nonsuit. The State's evidence tended to show that the defendant was driving his automobile on the highway, and that when the officers attempted to stop him he drove away, and as the officers pursued, with siren sounding, a carton containing three gallons of nontax-paid whiskey was thrown from the automobile. Defendant continued to drive rapidly, driving in the middle and on the left side of the road, until his automobile struck from the rear by the officers' car wound up in the ditch. Defendant abandoned his automobile and ran. Defendant's evidence did not contradict the officers' testimony, his defense being that he was not driving the automobile, admittedly his, but that it was being driven by others without his knowledge or consent.

Defendant assigns error in that the court in charging the jury on the first count instructed them that proper proof of possession by the defendant of the whiskey offered in evidence by the State would raise a *prima facie* presumption that the possession was for the purpose of sale. It was argued that the warrant under which the defendant was tried was drawn under G.S. 18-49 and G.S. 18-50, and that the *prima facie* effect of the possession of intoxicating liquor given by G.S. 18-11 was inapplicable and the instruction prejudicial to the defendant. However, we observe that the warrant charged generally that the defendant did unlawfully "have in his possession non-tax-paid whiskey for the purpose of sale," and we think that the word "non-tax-paid" was used merely to describe the whiskey and to designate it as unlawful, rather than to restrict the offense charged to a violation of G.S. 18-50. For this reason the decisions in *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591; *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629, and *S. v. Lockey,* 214 N.C. 525, 199 S.E. 715, do not support defendant's position. Considering G.S. 18-11 and G.S. 18-32 as analyzed in *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449, and *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904, in the light of the evidence in this case, the instruction given may not be held for error.

Furthermore, as the verdict convicted the defendant on each of three counts and the judgment thereon imposed sentences to be served concurrently, if as to either of the charges the trial was free from error the conviction would be upheld. To obtain relief the defendant must show error affecting the whole case. *S. v. Gordon,* 224 N.C. 304, 30 S.E. 2d 43; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *S. v. Revels,* 227 N.C. 34 (37), 40 S.E. 2d 474.

Defendant further assigns error in that the court in his charge to the jury, in reciting the State's evidence, said, "The State offered in evidence

the whiskey picked up by the officers," and argues that this constitutes an expression of opinion, but we do not think this manner of stating the evidence affords the defendant ground for complaint. The officer had testified he picked up three gallons of whiskey which had been thrown from defendant's automobile, and apparently this whiskey had been offered in evidence. This testimony was uncontradicted, and we see no impropriety in the use by the court of the language complained of while stating the evidence. There were other exceptions noted by the defendant, but upon examination of the entire charge in the light of defendant's criticisms, we reach the conclusion that no error which would warrant a new trial has been shown. Likewise defendant's objection to the evidence as to defendant's ownership of the automobile is without merit as the defendant in his testimony admitted its ownership.

The defendant also assigns error in the denial of his motion in arrest of judgment on the charge of reckless driving. He presents the view that the charge is insufficiently alleged in the warrant, and that the court in his charge thereon did not apply the law to the facts (*S. v. Flinchem,* 228 N.C. 149, 44 S.E. 2d 724.) However, if there be error in these respects, which is not conceded, the defendant could derive no benefit in view of his conviction on other counts properly determined.

In the trial we find

No error.