## STATE v. BUSTER HILL.

(Filed 6 January, 1953.)

**1. Intoxicating Liquor §§ 4a, 9b—**

While a person may lawfully possess for family use any quantity of legally acquired tax-paid liquor in his private dwelling while occupied by him as such, nevertheless the possession of more than one gallon of tax-paid liquor, even within a private dwelling, invokes the presumption that such liquor is kept for the purpose of sale. G.S. 18-11.

**2. Intoxicating Liquor § 2—**

The Turlington Act, except as modified and repealed by the Alcoholic Beverage Control Act, is still the law in this State, and the two Acts must be construed *in pari materia.*

**3. Intoxicating Liquor §§ 4a, 9b—**

G.S. 18-48 and G.S. 18-50 are statewide in application, and the possession of any quantity of nontax-paid liquor is without exception unlawful, and under G.S. 18-11 raises the presumption, even though less than one gallon in quantity, that possession is for the purpose of sale.

**4. Same—**

Proof of the possession by defendant in his home of less than one gallon of legally acquired tax-paid liquor raises no presumption against him, and nothing else appearing, a verdict of not guilty should be directed in a prosecution for possession for the purpose of sale. To this extent, G.S. 18-11, raising the presumption from the possession of any quantity of liquor that such possession is for the purpose of sale, with burden upon defendant to prove that he possessed same in his private dwelling while occupied as such, for family use purposes permitted by the statute, has been modified by the Alcoholic Beverage Control Act.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Crisp, Special Judge,* July Term, 1952, GASTON. No error.

Criminal prosecution under a warrant which charges that defendant did unlawfully have and possess a quantity of tax-paid and nontax-paid liquor for the purpose of sale.

On 12 April 1952, officers procured a warrant authorizing the search of the dwelling of defendant and buildings within its curtilage. When they approached defendant's dwelling to make the search, they saw defendant pick up a large jar and pour some liquid therefrom into a bucket. It was later ascertained that this bucket contained white nontax-paid whiskey mixed with water. Defendant said the liquid in the bucket was lime water. They also found five pints of bonded liquor and one pint of gin. There were a number of empty pint bottles and empty half-gallon jars around the premises, and there were fruit jars "all over the woods out there." Both white and Negro men were in the house at the time the officers arrived.

There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Love, and Robert L. Emanuel, Member of Staff, for the State.*

*Max L. Childers for defendant appellant.*

BARNHILL, J. There is no statutory limit upon the quantity of legally acquired liquor, upon which the taxes imposed by law have been paid, a person may lawfully have or keep in his private dwelling, while the same is occupied and used by him as his dwelling only, for the "family use" purposes prescribed in G.S. 18-11. *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. Brady, ante,* 295.

Yet in a prosecution for the unlawful possession of intoxicating liquor for the purpose of sale, proof of the possession by the accused of more than one gallon of bonded or tax-paid liquor, even within his private dwelling, invokes the *prima facie* rule of evidence created by G.S. 18-11. *S. v. Barnhardt, supra; S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449; *S. v. Brady, supra.*

So then, when we sweep aside the chaff and come to the substance of the material exceptions brought forward and discussed by the defendant, we find that two questions are presented for decision: (1) Does the statute, G.S. 18-11, permit a person to possess in his private dwelling, when occupied as such, for the "family use" purposes prescribed in G.S. 18-11, illicit "white" "moonshine" intoxicating liquor, that is, any alcoholic beverage "upon which the taxes imposed by the laws of congress of the United States or by the laws of this state, have not been paid," G.S.

23—236

18-48, and secondarily, if so, (2) is the *prima facie* rule of evidence created by G.S. 18-11 applicable only upon proof of the possession of more than one gallon of such illicit liquor?

It would seem that we have already answered these questions. Even so, clarification and reconciliation—to the point of modification—of some of our former decisions on this particular phase of our law regulating the possession, use, and sale of intoxicating beverages is essential.

The Turlington Act, now G.S. ch. 18, art. 1, except as modified and repealed by the Alcoholic Beverage Control Act, known as the ABC Act, now G.S. ch. 18, art. 3, is still the law in this State. *S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104; *S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *S. v. Brady, supra; S. v. Avery, ante,* 276. This was true even before the adoption of our General Statutes. *S. v. Davis, supra.* Now that both the Turlington Act and the ABC Act have been brought forward and re-enacted as separate articles of the same chapter of the General Statutes and relate to the same subject matter, they must, of necessity, be considered as separate but related parts of the composite body of our statutory law on the subject.

"The two Acts constitute the body of our law relating to the purchase, possession, and sale of intoxicating liquor and must be construed *in pari materia.*" *S. v. Avery, supra.*

G.S. 18-48, which originally was sec. 13 of the ABC Act, ch. 49, P.L. 1937, makes it unlawful for any person "to have in his . . . possession any alcoholic beverages . . . upon which the taxes imposed by the laws of congress of the United States or by the laws of this state, have not been paid . . ." and G.S. 18-50 (sec. 15 of the ABC Act) makes it unlawful to possess such illicit liquor for the purpose of sale.

In applying these sections we said in *S. v. Lockey,* 214 N.C. 525, 199 S.E. 715, that in a prosecution for the sale of illicit liquor under G.S. 18-50, the *prima facie* rule of evidence created by G.S. 18-11, a part of the Turlington Act, may not be invoked in aid of the prosecution. This ruling was reiterated in *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629, and in *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591.

We have since said, however, that when the two Acts are construed *in pari materia,* "it becomes apparent that an allegation in a warrant or bill of indictment to the effect that the Federal and State taxes had not been paid upon the liquor seized or that it was illicit liquor is merely descriptive, *S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804, and does not . . . limit the prosecution to any particular section of the liquor law or deprive the State of the benefit of the general provisions of the law as it now exists." *S. v. Avery, supra.*

The time has come to clarify and reconcile these decisions to the end there may remain no doubt as to whether we have overruled *S. v. Lockey, supra,* and the cases to like effect above cited.

The provisions of G.S. 18-50 and G.S. 18-11 are not irreconcilable. Indeed, when the two statutes are considered as related parts of the composite whole, they become dovetailed in such manner as to make a clear and understandable regulation. The term "not legally permitted," as used in G.S. 18-11, and the term "illicit" as used in G.S. 18-50, may not be equally comprehensive, yet both designate or describe a type of intoxicating beverage a person may not lawfully possess for the purpose of sale. To that extent at least they are synonymous. We conclude, therefore, that, except as hereinafter noted, the rule of evidence created by G.S. 18-11 applies in any prosecution for the possession of liquor for the purpose of sale.

This conclusion, of necessity, overrules the statement to the contrary contained in *S. v. Peterson, supra,* and the decisions upon which that opinion was made to rest. More mature consideration compels such action. And the writer, the author of the opinion in the *Peterson case,* has long since learned that a person should never assume a position that he cannot back up—from.

The provisions of G.S. 18-48 and G.S. 18-50 are statewide in application. *S. v. Davis, supra.* The possession of any quantity of liquor upon which the Federal and State taxes have not been paid is, without exception, unlawful. *S. v. Barnhardt, supra; S. v. McNeill, supra; S. v. Avery, supra; S. v. Fuqua,* 234 N.C. 168, 66 S.E. 2d 667; *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907. Such contraband liquor does not come within the exceptive provisions of G.S. 18-11. It cannot be either legally acquired or possessed, and possession in the private dwelling of the accused, for whatever purpose it is there kept, affords no protection against the positive and unqualified provisions of the ABC Act. *S. v. Suddreth, supra; S. v. McNeill, supra; S. v. Barnhardt, supra; S. v. Avery, supra; S. v. Jenkins,* 234 N.C. 112, 66 S.E. 2d 819.

The sentence contained in *S. v. Barnhardt, supra,* at p. 226, to wit: "Under this section no distinction is made between tax-paid and nontax-paid liquor, and the quantity of liquor which may be possessed in one's private dwelling for personal consumption and family uses is unlimited." merely refers to the contents of G.S. 18-11. It has no relation to the provisions of G.S. 18-48 and was not intended to mean and must not be construed to mean that the law condones or permits the possession of illicit liquor in the home or elsewhere. That is one type of intoxicating beverage which is outlawed by the statute under any and all conditions, without exception. And proof of possession of any quantity thereof invokes the application of the rule of evidence contained in G.S. 18-11.

Of course there was technical error in the charge "that a person has a right in a non-conforming county such as this to possess in his home not to exceed one gallon of tax-paid liquor . . . Now, you have a legal right

STATE v. HILL.

to possess not to exceed one gallon of whiskey in your home." But on this record we do not perceive that the error was prejudicial to defendant. Indeed, the court thus, in effect, charged the jury that the possession by the defendant in his home of the four pints of bonded whiskey and one pint of gin which disclosed by the stamps thereon that it had been acquired from an ABC store was lawful and evidence in respect thereto should not be considered adversely to defendant unless, as later stated, the State established beyond a reasonable doubt, unaided by any presumption, that he in fact had it in his possession for the purpose of sale.

Perhaps there is some confusion or misunderstanding as to the "one gallon" rule respecting tax-paid liquor. Under the Turlington Act proof of the possession of any quantity of liquor, even in one's private dwelling, invoked the application of the presumption or rule of evidence created by G.S. 18-11 and the burden rested upon defendant to show that it was possessed in his private dwelling while occupied as such for the "family use" purposes permitted by statute. This rule was modified as to legally acquired liquor by the ABC Act. We so held in *S. v. Suddreth, supra.* There, *Winborne, J.,* speaking for the Court, said: "To accept this construction (of the ABC Act) is to attribute to the Legislature the intention to make it lawful for a person to purchase, transport and possess in his home for the purposes mentioned, not more than one gallon of intoxicating liquors or alcoholic beverages, and, at the same time, to make the possession of it evidence of his guilt of a criminal offense for which, upon charges being preferred, he may be convicted by a jury and subjected to punishment therefor. We cannot assume that the Legislature had any such inconsistent and conflicting intentions."

In short, we there held that, in a prosecution for the unlawful possession of intoxicating liquor for the purpose of sale, proof of possession by defendant in his private dwelling of not more than one gallon of legally acquired liquor raises no presumption against him and that in such case, nothing else appearing, a verdict of not guilty should be directed. On the question of the burden of proof as to whether the liquor was legally acquired, see *S. v. Holbrook,* 228 N.C. 582, 46 S.E. 2d 842.

In the trial below we find

No error.

PARKER, J., took no part in the consideration or decision of this case.