## STATE v. SUSIE BROWN.

(Filed 23 September, 1953.)

**1. Intoxicating Liquor § 9d—**

Evidence that officers found a jug of nontax-paid whiskey under the house of defendant, that defendant's husband did not live there, and that defendant disappeared during the search and was not again seen by the officers until she appeared with her attorney the next day and posted bond, *is held* sufficient to be submitted to the jury upon the question of defendant's constructive possession of the nontax-paid whiskey.

**2. Intoxicating Liquor § 4a—**

Possession of nontax-paid whiskey in any quantity anywhere in the State is unlawful.

**3. Intoxicating Liquor § 4b—**

Possession of intoxicating liquor within the meaning of the statute may be either actual or constructive. G.S. 18-48.

APPEAL by defendant from *Parker (Joseph W. ), J.,* at March Term 1953, of EDGECOMBE.

Criminal prosecution upon a warrant issued by a justice of the peace of Edgecombe County on affidavit charging that at and in Number One Township in said County, on 17 October, 1952, Susie Brown, the defendant, did unlawfully have in her possession nontax-paid whiskey. The warrant was returned to the Recorder's Court of Edgecombe County, and defendant was tried and convicted there. And from judgment rendered she appealed to Superior Court, where the case was submitted to a jury of twelve men upon the evidence offered by the State.

This evidence, as it appears in the record of case on appeal, tends to show, in substance, these facts: On night of 17 October, 1952, ABC enforcement officers, armed with a search warrant, went to the home of Susie Brown for a search of it. She was there. Her husband did not live there. The officers read the warrant to her, and searched inside the house but "found nothing." They then went outside and one of them, attracted by toe prints at the edge of the house, "followed them" under the house, and found a jug of nontax-paid whiskey in a hole covered by and concealed in trash and other debris. Thereupon, the officers, returning to the inside of the house, did not find defendant. And though they remained there about an hour defendant was not again seen by them until she appeared, with her attorney, around noon of the next day and posted bond. (Other details need not be recited.)

Verdict: Guilty.

Judgment: Pronounced.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*W. O. Rosser for defendant, appellant.*

PER CURIAM.  The only assignment of error presented by defendant for decision on this appeal is based upon exceptions to rulings of the trial court in denying her motions, aptly made, for judgment as of nonsuit. As to this, it is sufficient to say that the evidence offered by the State is enough to take the case to the jury on the question of constructive possession by defendant of nontax-paid whiskey, and to support the verdict returned by the jury.

Possession of nontax-paid whiskey in any quantity anywhere in the State is unlawful.  G.S. 18-48.  *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; also *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907.  And possession, within the meaning of the statute, may be either actual or constructive. See *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268, and cases cited; also *S. v. Parker, supra,* and cases cited.

Hence in the judgment from which this appeal is taken, there is found No error.