STATE v. FRANK COFIELD

(Filed 20 November, 1957)

1. **Intoxicating Liquor § 2—**

   The possession of illicit liquor for the purpose of sale, G.S. 18-50, and the possession of whisky upon which the Federal and State taxes have not been paid, G.S. 18-48, are separate offenses, and the one is not included in the other.

2. **Criminal Law § 18—**

   Upon appeal from conviction in the recorder's court of possession of illicit liquor for the purpose of sale, the superior court is without jurisdiction to amend the warrant so as to charge defendant also with possession of liquor upon which the Federal and State taxes had not been paid.

3. **Criminal Law § 26—**

   Where verdict establishing defendant's guilt of a specified offense is properly set aside by the court for want of jurisdiction, such verdict will not support a plea of former jeopardy.

**4. Intoxicating Liquor § 9d—**

Evidence that officers found in defendant's house less than a gallon of whisky in containers not bearing Federal and State tax stamps, is sufficient to overrule nonsuit in a prosecution under G.S. 18-48, since the possession of nontax-paid whisky in any quantity anywhere in this State is unlawful.

**5. Criminal Law § 16—**

Where, on appeal from conviction in the recorder's court of possession of whisky for the purpose of sale, the warrant is amended to charge, in addition, possession of liquor upon which the Federal and State taxes had not been paid, but nonsuit is allowed on the charge of possession for sale and the conviction of possession of nontax-paid whisky is set aside for want of jurisdiction, defendant may thereafter be prosecuted in the superior court upon an indictment charging possession of nontax-paid liquor, when the superior court has concurrent jurisdiction of this offense, since it first took cognizance thereof.

**6. Criminal Law § 122—**

Where the court sets aside the verdict for want of jurisdiction but through inadvertence fails to vacate the judgment imposed on such verdict, the vacation of such judgment will be directed on appeal.

APPEAL by defendant from *Bickett, J.,* March Term 1957 of WAKE.

Criminal prosecution upon a bill of indictment containing two counts found by the Grand Jury of Wake County at the December Term 1956. The first count charges that the defendant on 3 December 1956 did unlawfully possess for the purpose of sale alcoholic liquors upon which the taxes imposed by the laws of the United States and by the laws of this State had not been paid, a violation of G.S. 18-50: the second count charges that the defendant on the same day did unlawfully possess alcoholic liquors upon which the taxes imposed by the laws of the United States and by the laws of the State had not been paid, a violation of G.S. 18-48.

The defendant pleaded "Not Guilty on the ground of double jeopardy."

At the close of the State's evidence the defendant made a motion for judgment of nonsuit. The motion was allowed as to the first count in the indictment, and denied as to the second count in the indictment.

The jury's verdict was guilty of the unlawful possession of nontax-paid liquor as charged in the bill of indictment. ·

From a judgment of imprisonment the defendant appeals.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*Jack Senter and Charles W. Daniel for defendant, appellant.*

PARKER, J. On 3 December 1955 W. L. Pritchett and Hoke Smith, one a deputy sheriff of Wake County, and the other a

liquor law enforcement officer of the Wake County A.B.C. Board, armed with a search warrant, went to the home of the defendant. The officers searched the whole house. They found sitting on the kitchen table a half-gallon jar filled with corn whisky and some five or six drinking glasses. They also found in the house another half-gallon fruit jar with about half an inch of corn whisky in it. These jars did not have on them any where any revenue stamps of the United States Government, or any stamps of any A.B.C. Stores of the State of North Carolina.

On the same date a warrant was issued returnable to the Fuquay Springs Recorder's Court, Middle Creek Township, Wake County, charging the defendant on 3 December 1955 with the unlawful possession of nontax-paid liquor for the purpose of sale, to-wit, one-half gallon. On 26 January 1956 the defendant was tried on this warrant in the aforesaid Recorder's Court. He was found guilty, and from the judgment imposed he appealed to the Superior Court.

The case came on for trial at the July Term 1956 of the Wake County Superior Court before Judge Bone. Before the defendant pleaded to the warrant, Judge Bone allowed an oral motion of the solicitor to amend the warrant so as to charge the additional offense of the unlawful possession of nontax-paid liquor, a violation of G.S. 18-48. Whereupon the defendant pleaded Not Guilty. The jury found the defendant Not Guilty of the possession of nontax-paid spirituous liquor for the purpose of sale, but Guilty of the possession of nontax-paid spirituous liquor. Judge Bone sentenced the defendant to imprisonment for three months. During the term of court Judge Bone on his own motion and in the defendant's absence set aside the verdict in his discretion, and ordered a new trial, but did not vacate his judgment of imprisonment, which appears in the court's Judgment Docket over his signature.

Defendant's first assignment of error is that Judge Bone erred in setting aside in his discretion the verdict of Guilty rendered at the July Term 1956, and in failing to vacate his three months' sentence of imprisonment based on such verdict. Defendant's fourth assignment of error is that Judge Bickett at the March Term 1957 failed to submit to the jury an issue of former jeopardy. Defendant's fifth assignment of error is that Judge Bickett erred in denying defendant's motion to set aside the verdict as being contrary to the evidence. Defendant states in his brief that assignments of error Nos. 1, 4 and 5 "are specifically abandoned by the appellant."

After the jury was impaneled, and before the introduction of evidence began, the defendant moved to dismiss the case "on

the grounds of double jeopardy." Judge Bickett denied the motion, the defendant excepted, and this is his second assignment of error.

G.S. 18-50 makes the possession for the purpose of sale of illicit liquor a general misdemeanor. G.S. 18-48 provides that the possession of whisky upon which the taxes imposed by the laws of Congress of the United States or by the laws of this State have not been paid is a general misdemeanor. Each statute creates a specific criminal offense, and a violation of G.S. 18-48 is not a lesser offense included in the offense defined in G.S. 18-50. *S. v. Morgan,* 246 N.C. 596, 90 S.E. 2d 764; *S. v. Daniels,* 244 N.C. 671, 94 S.E. 2d 799; *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189; *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591; *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629. Judge Bone had no power to permit the warrant charging a violation of G.S. 18-50 to be amended so as to charge also a violation of G.S. 18-48. *State v. Cooke,* 246 N.C. 518, 98 S.E. 2d 885; *S. v. Mills,* 246 N.C. 237, 98 S.E. 2d 329; *S. v. McHone,* 243 N.C. 231, 90 S.E. 2d 536; *S. v. Clegg,* 214 N.C. 675, 200 S.E. 371; *S. v. Goff,* 205 N.C. 545, 172 S.E. 407; *S. v. Taylor,* 118 N.C. 1262, 24 S.E. 526.

The trial, conviction and sentence of the defendant on the amended count in the warrant at the July Term 1956 charging the unlawful possession of nontax-paid liquor, a violation of G.S. 18-48, "offends Sections 12 and 13 of Article I of the Constitution of North Carolina, which provide, in essence, that the Superior Court has no jurisdiction to try an accused for a *specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor.*" *S. v. Hall, supra.* It would seem that Judge Bone set the verdict of Guilty aside in his discretion because of the decision in the Hall Case.

This Court said in *S. v. Bell,* 205 N.C. 225, 171 S.E. 50: ". . . jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case."

Jeopardy did not attach at the July Term 1956 on the amended change in the warrant charging a violation of G.S. 18-48, because the court had no jurisdiction to try him for such offense.

The defendant contends that he cannot be brought to trial a second time for a violation of G.S. 18-48, because Judge Bone set the verdict aside of his own motion, and without the defendant's instigation, and cites in support of his contention 22 C.J.S.,

Criminal Law, Sec. 271. This section states: "Where the verdict is set aside or judgment arrested at instigation of the accused, he may be tried again for the same offense; but where the verdict is set aside on motion of the court a different rule applies. Ordinarily there is no jeopardy where such action is taken on the ground of lack of jurisdiction, defective indictment, or illegal verdict." This section also states on page 407: "Where judgment is arrested or vacated upon the ground that there is no jurisdiction, there is no jeopardy, and accused may be tried again on the same indictment." This section does not support defendant's contention.

Doubtless the defendant abandoned his assignment of error as to the failure of the court to submit an issue on the question of former jeopardy to the jury because of what was said in *S. v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424: "When no issues of fact are involved as to the identity of the parties or of the offenses, the question of jeopardy is to be decided by the court."

Judge Bickett properly refused to dismiss the second count in the indictment on the ground of former jeopardy. Whether he erred in failing to dismiss the first count in the indictment on that ground is now moot, for the reason that he sustained the defendant's motion for judgment of nonsuit on that count.

Defendant's assignment of error as to the failure of the Court to nonsuit the second count in the indictment for lack of sufficient evidence is overruled. The possession of nontax-paid whisky in any quantity anywhere in the State is, without exception, unlawful. G.S. 18-48; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907; *S. v. Avery,* 236 N.C. 276, 72 S.E. 2d 670; *S. v. Brown,* 238 N.C. 260, 77 S.E. 2d 627.

By virtue of G.S. 7-64 the Wake County Superior Court has concurrent jurisdiction with the Fuquay Springs Recorder's Court to try a person for a violation of G.S. 18-48, such jurisdiction to be exercised by the court first taking cognizance thereof. The Wake County Superior Court first took cognizance with jurisdiction of the charge of a violation of G.S. 18-48 by the defendant, when a bill of indictment charging him with such an offense was found by the Grand Jury at the December Term 1956, and it had jurisdiction to try him on such bill of indictment for a violation of G.S. 18-48.

In *S. v. Clegg,* 214 N.C. 675, 200 S.E. 371, this Court said: "The defendant's objection to the amending of the warrant as permitted in this case seems to have been well taken, and the court below was in error in ruling the defendant to trial without a bill of indictment duly found. The cause is remanded with directions that the verdict and judgment be set aside, and that

upon the warrant issued the defendant be held under bond pending action by the grand jury, or until the case is disposed of according to law." When Judge Bone set the verdict aside, by inadvertence, he did not vacate his judgment of imprisonment. The Superior Court of Wake County is directed to vacate Judge Bone's judgment.

Defendant's other two assignments of error are without merit.

In the trial below we find

No error.