Nash, C. J.
 

 Tbe prisoner is" entitled to bave ber case submitted to another jury. Tbe indictment is for. burning the dwelling-house of Abraham "Whitfield. She is a free woman of color, and tbe indented servant of Mr. "Whitfield. The case is silent as to any direct evidence of tbe prisoner’s guilt. To show that she was guilty, tbe prosecuting officer offered to prove that two previous attempts bad been made to burn tbe samé house ; one about tbe middle of January preceding the actual burning, and the other, on "the night of the 24th of February, tbe day previous thereto. Tbe introduction of this evidence was objected to by tbe counsel of tbe prisoner. The prosecuting officer then stated .that “lie expected to prove facts and circumstances, tending to show, that the prisoner was the person who made tbe attempts each time.” Upon this statement tbe evidence was admitted. Stript of tbe promise made by the State, to connect tbe prisoner with the attempts,' there can be no doubt that the ^proof of them was inadmissible. See
 
 Bottoms
 
 v.
 
 Kent,
 
 3 Jones’ Rep. 154. Indeed, the connecting facts were .the sole grounds upon which his Honor would have admitted, tbe proof of tbe attempts. They were in tbe nature of a condition precedent. What are tbe facts upon which tbe State relied to connect the prisoner with -them ? Simply, that she was a servant in tbe family at
 
 *6
 
 the time the attempt was made. We are considering the case as it appears before ns. Mrs. Whitfield, the wife of Mr. Whitfield, stated that the prisoner was employed by her as a house servant, and that there was another servant girl by the name of Lavinia, whose duty it was to make up the bed in her room, and to sweep out the house, and after that was done, it was the duty of the prisoner to dust the furniture in the room, &c. About 10 o’clock, on the morning of the day when the first attempt was made, which was about the middle of January, while sitting in the usual sitting-room on the first floor, her bed-room being in the second story, she smelt something burning, and upon going into the passage, she found smoke issuing from the upper story and coming down the stairway. The prisoner was then standing on the piazza, near the door, and apparently looking up the street. She then describes where she found the'fire. What was there in this statement to connect the prisoner with the attempt? Nothing but the simple fact, that she was a member of the family, and not
 
 the only one
 
 of the servants who had access to the- room. Certainly, there was not more to connect her'than to connect Lavinia with it.
 

 Let us see if there is any thing in the case connecting the prisoner with the second attempt, made on the 24th of February. The same witness states that she and her husband were in the sitting-room, the prisoner also being there; she was sent into the back yard for some purpose, and on returning into the house, said she had seen a man in the yard. After a short time, the prisoner asked her and her husband if they did not smell smoke. She and her husband went immediately into the yard, the prisoner following ; when they got out, they smelt something burning, but saw no fire. After looking about for some time, the prisoner remarked that it could not be in aunt Bella’s room, for she had locked her door in the morning and gone away, and had not returned. Her master remarked, he thought it was in Bella’s room, and started to go there, when the prisoner ran by him to the room, prilled open a window, and immediately exclaimed, “ here is the fire.”
 

 
 *7
 
 We'would, -again ask, what is there in this statement to show any complicity of tbe prisoner in this second attempt ? She went-into the back yard at the command of her master ; is the first to draw the attention of her master and mistress to the smell of fire; the first to mention Bella’s room, and the first to discover the fire while they were looking for it in vain.
 

 .In' admitting the evidence of these previous attempts, under the circumstances, his Honor acted rightly, but the State did not redeem its pledge, and the evidence ought to have been withdrawn by the Court from the attention of the jury — certainly as to one of the attempts, if not as to both. On the contrary, by suffering the jury to' consider it, his Honor added to it the weight of his authority, and thereby suffered them to be misled by such irrelevant testimony. Eor this error, wo think the prisoner is entitled to have her case submitted to another jury. / "
 

 Per Curiam. Judgment reversed;