STATE v. FRED. ALSTON.

*Case stated on appeal—Evidence.*

1. The rule that only such parts of the evidence should be set forth, as will enable the Court to pass upon the exceptions made, reiterated by the Court.

2. As a general rule, it is not admissible, on a prosecution for one offense, to prove that the defendant had before committed another offense. To this there are exceptions, but the offense must be brought home to the defendant.

3. When two offenses are committed in two different years, it is erroneous for the Judge to permit the State, in a prosecution for the second offense, in order to show the *animus* of the defendant, to prove irrelevant facts which only tend to cast a suspicion on the defendant as to the first offence.

(*Strickland* v. *Draughan*, 88 N. C., 315; *Crawford* v. *Orr*, 84 N. C., 246; *State* v. *Freeman*, 4 Jones, 5, cited and approved).

INDICTMENT, tried before *Phillips, Judge,* and a jury, at Fall Term, 1885, of Halifax Superior Court.

The defendant was indicted for burning a tobacco barn, the property of one T. R. Bowers, in September, 1885. There was a verdict of guilty, and judgment thereon, from which the defendant appealed.

*Attorney General,* for the State.
· No counsel for the defendant.

··ASHE, J. The statement of the case, in disregard of the repeated suggestions of this Court, that only such parts of the evidence should be set forth as will enable this Court to pass upon the rulings to which exception is taken below, contains a mass of

superfluous and trival facts, which should have been omitted, as not pertinent to the exceptions taken.  *Strickland* v. *Draughan*, 88 N. C., 315; *Crawford* v. *Orr*, 84 N. C., 246.

But while the material facts disclosed by the evidence, raised, to say the least, a very strong suspicion that the defendant was guilty of the crime with which he was charged, we are of the opinion that there was such error in the admission of evidence, as entitles the defendant to a new trial.

The facts necessary to our decision, under the view of the case we have taken, are, that the barn of T. R. Bowers, was burned, about twilight on the ...... of September, 1885.  He had two barns, one old, the other new.  The old barn was burned, and they stood about fifty yards apart.  The old barn contained the tobacco of the prosecutor Bowers, and the other that of one Windsor, who was the father-in-law of the defendant.  Some eight or ten minutes before the discovery of the fire, the defendant, with Bowers, Lee and Kemp Alston, was at the stables, about seventy yards distant from the old barn, where the defendant was feeding the steers.  They left him there, and about the time they reached the dwelling, some hundred yards from the stables, the fire was seen to blaze up in the barn.  About this time, some one, about the size of the defendant, was seen going from the burning barn to the new barn, and as the neighbors were hastening to the fire, Georgiana Alston, a witness for the State, saw the defendant standing by the new barn.  He said, "you see three men have been watching the barn all day, and it is now burning.  You see how good God is; last year it was brother Windsor's barn; this year it is the Boss', and Windsor ain't got a bit in it"—he told her this three times.

In the course of the trial, the witness Bowers was recalled by the State, and the Solicitor asked him this question: " Did you ever have a tobacco barn burned before, and what time was it burned."  The State offered this evidence, to show the *animus* of the defendant, and to show whose tobacco was in the barn that was burned the year before, the witness, Georgiana, having

stated that the defendant said, "last year it was Windsor's, this year it was the boss'," &c. The defendant objected to the question, but the Court admitted it, and he excepted.

The witness then said, that he had a barn burned last year, and Windsor's tobacco was in it, except a few ground leaves that he had in it. Last year Windsor's tobacco was burned, and Fred, (the defendant,) was living on the place then, in forty yards of that house.

We are of the opinion that there was error in the admission of this part of the testimony of the witness Bowers, not so much to that part of his testimony which stated that he had a barn burned the year before, and that Windsor's tobacco was in it, for, if the testimony had stopped there, it would have been harmless, as tending only to show that the defendant knew that Windsor's tobacco was in that barn; but when taken in connection with the further facts, that the defendant was living within forty yards of the barn when burned, and the declaration of the Solicitor, that he offered the evidence to show the *animus* of the defendant, it was an insinuation that the defendant had burned the barn the year before, and was calculated to produce the impression upon the minds of the jury, that the Court, by admitting this evidence to establish the *animus*, intended that they should take that circumstance into their consideration, in determining whether the defendant had burned the barn of which he was accused.

As a general rule, it is not admissible to adduce evidence that a defendant committed an offence, in order to prove that he committed another. 1st Wharton Cr. Law, §§631–670. To this, however, there are exceptions, but the extraneous crime must be brought home to the defendant. *Ibid.* But there was no evidence fixing upon the defendant the crime of burning the barn in the previous year. It was nothing more than an intimation of the Solicitor, that the defendant had burned the barn, and the Court added to it the weight of its authority, by admitting the evidence, and thereby suffering the jury to be misled by such irrelevant

testimony. His Honor, after admitting the evidence inadvertently, should have withdrawn it from the attention of the jury, and his failure to do so, was error. *State* v. *Freeman*, 4 Jones, 5.

This opinion must be certified to the Superior Court of Halifax county, that a *venire de novo* may be awarded.

Error.                                                    Reversed.