### STATE v. DR. J. R. BROWN.

(Filed 27 January, 1932.)

**Criminal Law G b—Testimony in this case held irrelevant to the issue and its admission constituted reversible error.**

Upon the trial of a physician for procuring an abortion (C. S., 4226) testimony of a conversation between the physician and the woman as to an abortion about four months prior to the time in controversy is irrelevant and incompetent and its admission in evidence is prejudicial to the defendant and constitutes reversible error.

APPEAL by defendant from *MacRae, Special Judge,* and a jury, at August Term, 1931, of MOORE. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Seawell* for the State.
*L. R. Varser and H. F. Seawell* for defendant.

PER CURIAM. The defendant was indicted under C. S., 4226, which is as follows: "If any person shall wilfully administer to any woman, either pregnant or quick with child, or prescribe for any such woman,

advise or procure any such woman to take any medicine, drug or other substance or shall use or employ any instrument or other means with intent thereby to destroy such child, unless the same shall be necessary to preserve the life of the mother, he shall be guilty of a felony, and shall be imprisoned in the State's prison for not less than one year nor more than ten years, and be fined at the discretion of the court."

The prosecuting witness is the mother of seven children, the first born in 1917. She has been married twice, her first husband is dead. She left her second husband. She gave birth to a bastard child on 28 September, 1930. A week before Christmas 1930, she had her regular menstrual period. The next regular time was about 18 January, 1931. "I had had sexual intercourse with a man shortly before that time." About 24 January, 1931, she went to see defendant. She testified, in part: "I felt bad and didn't have any appetite and didn't feel like I had any ambition and asked if he could not do something for me and he asked to look me over and examine me and he did examine me. I did not tell him that I was pregnant. . . . He did not do anything except use some kind of instrument to dilate the vagina. . . . He examined me only a few minutes. There was nothing much said at the time and he told me if I didn't get to feeling better to come back. . . . After I had been to see the defendant on 24 January, I saw him one morning in Aberdeen in the drug store. He happened to be in there and came over and spoke to me and asked how I was feeling. This was about three days before I went to the hospital. I hold him I didn't feel very bad and he told me down there that I was pregnant and he knocked it up. I did not pay him anything for his services."

Prior to the birth of her bastard child on 28 September, 1930, the prosecuting witness was asked by the State in reference to a conversation she had had with defendant in regard to an abortion. The defendant objected. The objection was overruled. Defendant excepted and assigned error. We think the question prejudicial and constitutes reversible error. The prosecuting witness went to see defendant as she felt bad, about 24 January, 1931, and did not tell defendant she was pregnant. Her regular period was 18 January, and shortly before that time she had sexual intercourse with a man. The conversation prior to the birth of the bastard child on 28 September, 1930, was not relevant to the crime that defendant was charged with and on trial for in this case. For the reasons given, there must be a

New trial.