## STATE v. DOUG BRADY.

(Filed 14 October, 1953.)

**1. Searches and Seizures § 2—**

A warrant issued by a justice of the peace upon affidavit of an officer charged with the execution of the law, authorizing the search of the premises at a specified locality and the seizure of all intoxicating liquors, is governed by G.S. 18-13 and not G.S. 15-27, and the warrant is a sufficient compliance with the apposite statute to render competent evidence discovered by an officer at the premises designated.

**2. Intoxicating Liquor § 9b—**

The possession of one gallon or less of tax-paid liquor in possessor's private dwelling in a county in which sale of intoxicating liquor is not authorized under the Alcoholic Beverage Control Act raises no presumption, nothing else appearing, of possession for the purpose of sale.

**3. Intoxicating Liquor § 9c: Criminal Law § 29b—**

In a prosecution for the unlawful possession of liquor for the purpose of sale, based upon the possession by defendant of more than one gallon of tax-paid liquor, testimony that on other occasions tax-paid liquor in quantities less than one gallon had been found on defendant's premises is incompetent, since defendant's possession on other occasions of whiskey within the pale of the law has no relevancy to his possession of whiskey beyond the pale of the law at another time.

**4. Criminal Law § 81c (2)—**

An inadvertent error in stating the *quantum* of proof resting upon the State must be held prejudicial even though in other portions of the charge the burden of proof is properly stated, since the jury may have acted upon the incorrect statement.

APPEAL by defendant from *Frizzelle, J.,* at March Term, 1953, of LEE.

Criminal prosecution, No. 6685, upon a warrant issued by a justice of the peace of Lee County on affidavit charging defendant with unlawful possession of twenty-four and one-half pints of tax-paid whiskey for the purpose of sale, returnable to the County Criminal Court of said county and tried *de novo* in Superior Court of said county on appeal thereto from conviction and judgment of the said county court.

Plea of not guilty of the crime charged was entered in the county court, and renewed in Superior Court.

The record on this appeal discloses that upon an affidavit of an officer charged with the execution of the law, a search warrant was issued on 10 November, 1951, by a justice of the peace of Lee County "to the sheriff or any lawful officer" of Lee County, authorizing and commanding that he enter upon the premises of Doug Brady, described in the affidavit, and make search of same, seizing all intoxicating liquors, etc.

Upon the trial in Superior Court the State offered evidence tending to show that in the daytime on 10 November, 1951, two deputies sheriff, armed with the search warrant above described, entered the home of defendant, and searched for whiskey, finding in a pasteboard box in the kitchen sixteen pints of whiskey, and in the cabinet beside the bed in the front section of the house, eight pints of whiskey.

And, over objection by defendant, the officers were permitted to testify that on several other occasions, when defendant's home was searched, within two years, "there has always been whiskey in that cabinet." And one of the officers testified: "I have never, except on this occasion, found more than 4 or 5 pints."

The State offered other evidence tending to support the charge set forth in the warrant.

At the close of the State's evidence, and again at the close of all the evidence, defendant offering none, defendant moved for judgment as of nonsuit. The motions were overruled and he excepted.

Verdict: Guilty of possession of whiskey for the purpose of sale.

Judgment: Confinement in the common jail of Lee County for a period of two years to be assigned to work the roads under the supervision of the State Highway and Public Works Commission.

Defendant appeals therefrom and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Robert L. Emanuel, Member of Staff, for the State.*

*Pittman & Staton and McLean & Stacy for defendant, appellant.*

WINBORNE, J. Defendant brings to this Court numerous assignments of error on which he states, in his brief, three questions relating: (1) To exceptions to the admission of testimony as to other offenses. (2) To exception to admission of evidence obtained under search warrant. (3) To exceptions to the charge of the court.

I. The second question as stated relates to denial of defendant's motion to strike the testimony that the State's witness Deputy Sheriff Quidley obtained under the search warrant. This exception is without merit. See *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537. There the

search warrant was obtained under circumstances almost identical to the circumstances under which the search warrant was obtained in the case in hand.  There exceptions, as here, were taken to the admission of evidence secured by officers under the search warrant.  It was contended that the search warrant was defective for that the justice of the peace, who issued it, failed to comply with the requisites of G.S. 15-27, and amendments thereto, in that the procuring officer was not required to furnish sufficient facts to show probable cause for the issuance of such warrant.  In connection therewith this Court held that the provisions of G.S. 18-13 are applicable rather than those of G.S. 15-27, saying that G.S. 18-13 provides that "upon . . . information furnished under oath by an officer charged with the execution of the law, before a justice of the peace . . . that he has reason to believe that any person has in his possession, at a place or places specified, liquor for the purpose of sale, a warrant shall be issued commanding the officer to whom it is directed to search the place or places described in such . . . information; and if such liquor be found in any such place or places, to seize and take into his custody all such liquor . . . and to keep the same subject to the order of the court."  And the court concluded the subject in these words : "Testing the affidavit of the officer here in question by the provisions of this statute, G.S. 18-13, it appears that the matters contained in the affidavit are sufficient to justify the justice of the peace to issue the search warrant" and "here in the admission of the evidence to which such exceptions relate, error is not made to appear."  What is said there is pertinent, and applicable here.

II.   The first question is based upon exceptions which challenge the competency of evidence that on several other occasions, within two years, when defendant's home was searched, whiskey was found therein,—but never more than 4 or 5 pints.  This does not make a *prima facie* case of unlawful possession of intoxicating liquor for the purpose of sale on those occasions.

Indeed, under the law as enacted by the General Assembly of North Carolina, where a person has in his possession tax-paid intoxicating liquors in quantity not in excess of one gallon, in his private dwelling, in a county in which the sale of such intoxicating liquor is not authorized under the Alcoholic Beverage Control Act, P.L. 1937, Chap. 49, nothing else appearing, such possession is not now *prima facie* evidence that such intoxicants are so possessed for the purpose of sale.  See *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894.

Hence evidence that defendant on other occasions possessed whiskey within the pale of the law has no relevancy to his possession of whiskey beyond the pale of the law at another time. Therefore such evidence is nothing more than an intimation by the State that his lawful possession of whiskey on those other occasions was unlawful. That just cannot be! But the court added to it the weight of its authority, by admitting the evidence, *S. v. Alson,* 94 N.C. 930, and by charging the jury that "the State has offered evidence which it contends tends to show that his premises had been visited many times during the period of two years next preceding November 10, 1951, and that witnesses said that they had never been to his premises when they did not find whiskey there." The testimony was irrelevant, and highly prejudicial, and should have been excluded. Failure to do so, was error. *S. v. Freeman,* 49 N.C. 5; *S. v. Alson, supra.* See also *S. v. Brown,* 202 N.C. 221, 162 S.E. 216.

III. The third question challenges portions of the charge, particularly the concluding instruction in respect to the possession of whiskey at the time here charged, that "if the State has satisfied you upon all the evidence in this case that he had it there for the purpose of sale, then, gentlemen, you should return a verdict of guilty."

The vice pointed out in the instruction is the degree of proof, that the jury be "satisfied," instead of the correct degree "satisfied beyond a reasonable doubt."

In this connection it is true that in some other portions of the charge the correct rule is given. Nevertheless, where the court charges correctly in one part of the charge, and incorrectly in another, it will be held for error, since the jury may have acted upon that which is incorrect. This holding is in accordance with uniform decisions of this Court. *S. v. Johnson,* 227 N.C. 587, 42 S.E. 2d 685. See also *Templeton v. Kelley,* 217 N.C. 164, 7 S.E. 2d 380, and numerous other cases there cited.

For reasons stated, let there be a

New trial.