### STATE OF NORTH CAROLINA v. KATHERINE MOCK.

(Filed 22 May 1963.)

**1. Searches and Seizures § 1—**
   Consent eliminates the necessity for a search warrant.

**2. Searches and Seizures § 2—**

The deputy clerk of the Municipal Court of the City of High Point has authority to issue a search warrant for illegal liquor, G.S. 7-198. The effect of G.S. 15-27.1 was not to nullify G.S. 18-13 but merely to make the requirements of G.S. 15-26 and G.S. 15-27 applicable to search warrants obtained under G.S. 18-13.

APPEAL by defendant from *Crissman, J.,* September 24, 1962 Criminal Term of GUILFORD (High Point Division).

On December 8, 1961, in Case No. 13839, the High Point Municipal Court found defendant guilty of the possession of nontaxpaid whiskey and sentenced her to a term in the County Workhouse. By and with the consent of the defendant, this sentence was suspended for five years upon condition that during that time (1) she not have any intoxicants in her home or on her person and (2) that she permit officers to search her home at any reasonable time without a search warrant. There was no appeal from this sentence.

Thereafter on March 30, 1962, as the result of evidence obtained by police officers under a search warrant issued by the deputy clerk of the High Point Municipal Court, a warrant charging the defendant with the transportation, possession, and sale of nontaxpaid whiskey was issued the same day. On July 12, 1962, in Case No. 13838, she was tried upon this warrant. The judge of the High Point Municipal Court found her guilty as charged and sentenced her to twelve months in the County Workhouse. He again suspended the prison sentence upon condition that for five years she not violate the prohibition law, possess any whiskey or allow anyone else to possess intoxicants in her house. However, the judge found that defendant had violated the terms upon which the sentence in Case No. 13839 had been suspended and, in this case, ordered an active sentence of four months.

The defendant appealed from both sentences to the Superior Court where, upon a trial *de novo* in Case No. 13838, she objected to the evidence obtained by the officers on the ground that a deputy clerk of the High Point Municipal Court had no authority to issue a search warrant. The objection was overruled. The jury found defendant guilty as charged. The judge imposed an active prison sentence of six months and affirmed the revocation of the suspended sentence in Case No. 13839. From these judgments defendant appealed to this Court.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Morgan, Byerly, Post, Van Anda & Keziah for defendant appellant.*

SHARP, J.   The defendant concedes that if the search warrant was valid the evidence obtained under it was sufficient to sustain the sentences imposed. She limits the question on this appeal to the authority of the deputy clerk of the High Point Municipal Court to issue the search warrant. Defendant has apparently overlooked the fact that on December 8, 1961, in Case No. 13839, as a condition for remaining out of prison, she had consented that police officers of High Point might search her home for intoxicants at any reasonable time during the five years her prison sentence was suspended. Consent eliminates the necessity for a search warrant. *State v. Moore,* 240 N.C. 749, 83 S.E. 2d 912; *State v. Brown; State v. Jones,* 247 N.C. 539, 101 S.E. 2d 418; 79 C.J.S., Searches and Seizures, section 62. Nevertheless, we think it proper to point out that the deputy clerk of the Municipal Court of High Point had authority to issue the search warrant. G.S. 18-13 (rewritten by Section 3, Chapter 1235, Session Laws of 1957, ratified June 10, 1957) provides in part:

> "Upon the filing of a complaint under oath by a reputable citizen, or information furnished under oath by an officer charged with the execution of the law, before a justice of the peace, recorder, mayor, or other officer authorized *by the law to issue warrants,* that he has reason to believe that any person has in his possession, at a place or places specified, liquor for the purpose of sale, or equipment or materials designed or intended for use in the manufacture of intoxicating liquor, a warrant shall be issued commanding the officer to whom it is directed to search the place or places described in such complaint or information. . . ." (Emphasis added.)

The High Point Municipal Court is a court inferior to the Superior Court; it is included within that portion of G.S. 7-198 which provides:

> "The summons, warrant of arrest, and every other writ, *process, or precept* issuing from a recorder's court or *other court inferior to the superior court,* except justices of the peace, *may be signed* by the recorder, vice recorder, or presiding justice of the court, or by the clerk of the court or deputy clerk, where the court has a clerk or deputy." (Emphasis added.)

Prior to the enactment of G.S. 15-27.1 (Chapter 496 of the 1957 Session Laws, ratified May 1, 1957) this Court held that search warrants for illegal liquor were governed by G.S. 18-13 and that G.S. 15-27 was not applicable. *State v. McLamb,* 235 N.C. 251, 69 S.E. 2d

537; *State v. Brady*, 238 N.C. 404, 78 S.E. 2d 126. G.S. 15-27.1 makes Article 4 of Chapter 15 of the General Statutes applicable to all search warrants with specific reference to those issued under G.S. 18-13. Defendant contends that G.S. 7-198, insofar as it had applied to search warrants issued under G.S. 18-13, is now in conflict with Article 4 and was therefore within the repealing clause of Chapter 496 of the 1957 Session Laws. We do not so hold. G.S. 15-27.1 did not nullify G.S. 18-13. Indeed, it recognized it as specifically applying to intoxicants just as G.S. 15-25 applies to narcotic drugs, stolen property and lottery, gambling, and counterfeiting equipment, and just as G.S. 15-25.1 applies to barbiturates. The former authorizes any justice of the peace, mayor or chief magistrate of any incorporated town, or the clerk of any court inferior to the Superior Court to issue a search warrant; the latter, any judge of any court of record, any clerk or assistant clerk of the Superior Court, and any justice of the peace to issue it. G.S. 18-13 permits any officer authorized to issue warrants to issue a search warrant for the liquor therein specified. The deputy clerk had this authority under G.S. 7-198. The effect of G.S. 15-27.1 was to make the requirements of G.S. 15-26 and G.S. 15-27, which were not included in G.S. 18-13, applicable to search warrants obtained under that section.

We hold that the deputy clerk of the High Point Municipal Court had the authority to issue the warrant.

No error.